[Cite as *Slezak v. Slezak*, 2019-Ohio-3467.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DR. FREDERICK A. SLEZAK, M.D., et al. | C.A. No. 29102 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ARNOLD G. SLEZAK | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV-2017-04-1680 |

DECISION AND JOURNAL ENTRY

Dated: August 28, 2019

CARR, Judge.

{¶1}   Defendant-Appellant Arnold Slezak appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this opinion.

I.

{¶2}   In 2014, siblings Arnold Slezak, Plaintiffs-Appellees Dr. Frederick Slezak, M.D., and Cynthia Slezak owned all of the shares of common stock of Plaintiff-Appellee RJS Corporation. The Slezaks entered into a close corporation agreement. Arnold Slezak was an officer, director, and also employee of RJS Corporation. The close corporation agreement contained an arbitration provision.

{¶3}   In November 2015, Dr. Slezak and Cynthia Slezak filed a demand for commercial arbitration. They alleged claims for breach of fiduciary duty against Arnold Slezak, and Arnold

Slezak asserted counterclaims for "breach arising out of [Arnold Slezak's] departure from his employment and his subsequent removal as an Officer and Director of RJS Corporation, Inc."

{¶4} An arbitrator was appointed January 8, 2016. The arbitration hearing took place March 1, 2016 through March 3, 2016. On May 24, 2016, the arbitrator issued a decision in which she made the following findings:

1) Respondent Arnold Slezak voluntarily resigned as an employee of RJS effective January 6, 2015;

2) Respondent Arnold Slezak was properly terminated from his position as an Officer and Director of RJS for cause effective October 23, 2015;

3) Respondent Arnold Slezak, due to his voluntary resignation as an employee of RJS and his subsequent termination from his positions as an Officer and Director of RJS for cause, must sell not less than all of the shares owned by Respondent to Claimants [Dr. and Cynthia Slezak] and/or the Corporation, pursuant to Section 7(c) of the Close Corporation Agreement and at a value to be determined in accordance with Section 8 of that Agreement.

4) Respondent and Claimant pursuant to Section 8(a)(i) of the Close Corporation Agreement shall attempt to execute an Agreed Value Certificate to the value of the Respondent's shares to be sold to the Claimants and/or the Corporation within 30 days of the Arbitrator's final Order, the Claimants and Respondent shall adhere to the appraisal procedures for determining the value of Respondent's shares, as outlined in Section 8(a)(ii) of the Close Corporation Agreement. Pursuant to the parties' agreement, Respondent shall receive, in exchange for his shares, an amount equal to 100% of their value as reflected in either the Agreed Value Certificate or such other appraised value determined in accordance with Section 8(a)(ii) of the Close Corporation Agreement.

5) The administrative filing fees of the American Arbitration Association ("the Association") totaling $10,400.00 and the compensation of the Arbitrator shall be borne equally by the parties. Therefore, Respondent shall reimburse Claimants the sum of $550.00 for that portion of its share of administrative filing fees previously incurred by Claimant.

6) This award is in full settlement of all claims and counterclaims submitted to this arbitration. All claims not expressly granted herein are hereby, denied.

{¶5} When the Slezaks could not agree on a value of Arnold Slezak's shares, the appraisal process was begun. The close corporation agreement provided that first RJS

Corporation's outside certified public accountant would appraise the fair market value of RJS Corporation and provide an analysis as to the value of one share. The selling shareholder would then have the opportunity to dispute the valuation, and provide his or her own appraisal. If the difference between the values was less than 10%, then the mean of the two values would become the final value. If the difference was more than 10%, then the two appraisers would select a third appraiser who would choose one of the two original values, which would become the final and binding value.

**{¶6}** Here, Arnold Slezak did dispute the value determined by the accountant from RJS Corporation and had his own appraisal done. That value was significantly higher than that of the corporation's accountant. As the difference between the two values was more than 10%, a third appraiser was chosen and that appraiser chose the value the corporation's accountant used. That final appraisal was completed on November 9, 2016.

**{¶7}** Thereafter, RJS Corporation issued a promissory note and began sending monthly checks to Arnold Slezak. Arnold Slezak refused to accept or cash the payments.

**{¶8}** On April 26, 2017, Dr. Slezak, Cynthia Slezak, and RJS Corporation filed a "Combined Application to Confirm Arbitration Award and Complaint for Declaratory Judgment and Mandatory Injunction" in the trial court. Therein, they sought to have the award confirmed, to have various declarations issued, and for the trial court to issue an injunction requiring Arnold Slezak to accept the payments made by RJS Corporation as provided by the promissory note. As to the declarations, Dr. Slezak, Cynthia Slezak, and RJS Corporation requested that the trial court declare that Arnold Slezak voluntarily agreed to adhere to the arbitration award, agreed to engage in the valuation process in the close corporation agreement, did engage in the process without objection, and permitted his shares to be transferred to RJS Corporation.

{¶9}   On June 29, 2017, Arnold Slezak filed an answer and counterclaims for breach of fiduciary duty and declaratory judgment.  He alleged that Dr. and Cynthia Slezak and RJS Corporation breached their fiduciary duty by providing the third appraiser with "selective and misleading information" and by excluding Arnold Slezak from the valuation process.  Arnold Slezak sought declarations that the arbitration award should not be confirmed, the appraisal process was not impartial, the failure to confirm the award prior to the valuation process rendered the valuation process void, the original valuation was not binding because it used a valuation date prior to the date of the award, Arnold Slezak was entitled to valuation based on complete and accurate information, he was entitled to information concerning the valuation process, and the refusal to allow him to exercise his shareholders rights after October 23, 2015 was contrary to law.

{¶10}   That same day, Arnold Slezak also filed a motion to vacate the arbitration award. Inter alia, he asserted that the arbitrator lacked subject matter jurisdiction because the close corporation agreement provided that the arbitrations had to commence within 30 days of the appointment of the arbitrator and it did not.

{¶11}   Arnold Slezak filed a motion for partial summary judgment and Dr. and Cynthia Slezak and RJS Corporation filed a motion for summary judgment.

{¶12}   A non-evidentiary hearing was held before a magistrate.  The matter was supposed to be limited to the application to confirm the award and the motion to vacate the award; however, some argument concerning the valuation was allowed.  The magistrate issued a decision granting the application to confirm the award, denying the motion to vacate the award as untimely, and ordering Arnold Slezak to sell his shares at the value determined by the third appraiser.  Arnold Slezak filed objections to the magistrate's decision including that the

magistrate erred in failing to hold a full evidentiary hearing when it not only ruled on the application to confirm but also decided the value of the stock, erred in finding that the valuation process was part of the award, erred in ordering Arnold Slezak to sell his shares at the value specified by the third appraiser, erred in concluding the motion to vacate was untimely, and erred in determining that he waived his objection to the arbitrator's alleged lack of subject matter jurisdiction.

{¶13} The trial court overruled the objections and adopted the magistrate's decision in its entirety. It concluded that the application to confirm the arbitration award was timely and the motion to vacate the award was untimely. The trial court granted the application to confirm the award and denied the motion to vacate. The trial court ordered Arnold Slezak to sell his shares at the value determined by the third appraiser. The trial court then dismissed the counts of the complaint and counterclaim.

{¶14} Arnold Slezak has raised four assignments of error for our review, which will be discussed out of sequence to facilitate our analysis.

II.

**General Standard of Review**

{¶15} "[W]e generally review a trial court's action on a magistrate's decision for an abuse of discretion, but do so with reference to the nature of the underlying matter." (Internal quotations and citations omitted.) *Harrison v. Lewis*, 9th Dist. Summit No. 28114, 2017-Ohio-275, ¶ 40. "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educator's Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 2.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FINDING APPELLANT'S MOTION TO VACATE THE AWARD WAS UNTIMELY AND THAT APPELLANT WAIVED HIS RIGHT TO OBJECT TO THE ARBITRATOR'S LACK OF SUBJECT MATTER JURISDICTION.

{¶16} Arnold Slezak argues in his fourth assignment of error that the trial court erred in concluding that his motion to vacate was untimely because the arbitrator lacked subject matter jurisdiction. He argues that the arbitrator lacked subject matter jurisdiction because the arbitrator failed to hold the hearing in the timeframe stated in the arbitration clause. It is undisputed that the arbitrator did not hold the hearing in the timeframe provided for in the arbitration clause; however, there was evidence in the record that the parties, through counsel, agreed to at least some extension of the time period, and there is nothing that suggests Arnold Slezak objected to the delay in holding the arbitration hearing. Nonetheless, due to this alleged lack of subject matter jurisdiction of the arbitrator, Arnold Slezak contends that the timing requirement contained in R.C. 2711.13 was inapplicable. Arnold Slezak does not dispute that his motion to vacate was filed outside the time period provided in the statute.

{¶17} "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." *Galion v. Am. Fedn. Of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 623 (1995). "R.C. 2711.10 and 2711.11 clearly establish the circumstances where a party may appeal to the common pleas court to vacate, modify, or correct an arbitration award." *Id.* at 622. With respect to a motion to vacate, those circumstances include when "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D). "The essential function of paragraph (D) is to ensure that the parties get what they bargained for by keeping the arbitrator within the bounds of

the authority they gave h[er]." *Piqua v. Fraternal Order of Police*, 185 Ohio App.3d 496, 2009-Ohio-6591, ¶ 21 (2d Dist.). Arguably, Arnold Slezak's specific claim that the arbitrator lacked subject matter jurisdiction is in essence an argument that the arbitrator "exceeded [her] powers." R.C. 2711.10(D); *see also Summit Cty. Children's Serv. Bd. v. Local No. 4546, Communications Workers of Am.*, 9th Dist. Summit No. 21184, 2003-Ohio-726, ¶ 3-22 (considering whether the arbitrator lacked subject matter jurisdiction as whether the arbitrator violated R.C. 2711.10(D)).

{¶18} "In order to vacate, modify, or correct an award, a party may file an action in the common pleas court pursuant to R.C. 2711.13." *Galion* at 622. R.C. 2711.13 provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." "If the General Assembly did not intend for the statute of limitations in R.C. 2711.13 to apply [to motions brought pursuant to R.C. 2711.10 and 2711.11], it would have expressly excluded R.C. 2711.10 and 2711.11 from [R.C. 2711.13]." *Galion* at 622. Therefore, "R.C. 2711.13 provides a three-month period within which a party *must* file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11." (Emphasis added.) *Id.* at paragraph one of the syllabus. "If an application is filed after this period, the trial court lacks jurisdiction." *Id.* at 622.

{¶19} Given the foregoing, including the particular facts of this case, Arnold Slezak has not convinced us that his argument would allow him to avoid the application of the time period set forth in R.C. 2711.13. In fact, his argument and the surrounding facts fit neatly into the situations contemplated by R.C. 2711.10(D) and, thereby the time limit in R.C. 2711.13. *See Galion* at 622. Arnold Slezak has not pointed to any Ohio Supreme Court case adopting his position. Nor has he explained why the language in R.C. 2711.10(D) would not be applicable to

this situation. *See* App.R. 16(A)(7). Instead, he points to cases from other districts that are not binding authority that we believe are either distinguishable or not compelling.

**{¶20}** Arnold Slezak has not demonstrated that the trial court erred in concluding that his motion to vacate the arbitration award was untimely. His fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FINDING THAT OHIO REVISED CODE CHAPTER 2711 APPLIES TO APPELLEES' COMPLAINT FOR DECLARATORY JUDGMENT AND APPELLANT'S COUNTERCLAIM.

**{¶21}** Arnold Slezak essentially argues in his first assignment of error that the trial court erred in determining that confirming the arbitration award required the trial court to order Arnold Slezak to sell his shares at the value determined by the third appraiser and also required the trial court to dismiss the complaint and counterclaims.

**{¶22}** It is true that, "[w]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170 (1985), paragraph one of the syllabus; *see also State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. There also appears to be no dispute that Dr. and Cynthia Slezak and RJS Corporation timely moved to confirm the arbitration award. Further, given our resolution of Arnold Slezak's fourth assignment of error, it is clear that the trial court was bound to confirm the award. *See id.* Instead, much of the dispute concerns what exactly confirming the award resolved.

**{¶23}** Here, the trial court confirmed the arbitration award; however, it also appears that the trial court believed that doing so required it to confirm the value of the shares, which was

determined subsequent to the arbitration proceedings. The arbitrator made the following findings:

> 1) Respondent Arnold Slezak voluntarily resigned as an employee of RJS effective January 6, 2015;
>
> 2) Respondent Arnold Slezak was properly terminated from his position as an Officer and Director of RJS for cause effective October 23, 2015;
>
> 3) Respondent Arnold Slezak, due to his voluntary resignation as an employee of RJS and his subsequent termination from his positions as an Officer and Director of RJS for cause, must sell not less than all of the shares owned by Respondent to Claimants [Dr. and Cynthia Slezak] and/or the Corporation, pursuant to Section 7(c) of the Close Corporation Agreement and at a value to be determined in accordance with Section 8 of that Agreement.
>
> 4) Respondent and Claimant pursuant to Section 8(a)(i) of the Close Corporation Agreement shall attempt to execute an Agreed Value Certificate to the value of the Respondent's shares to be sold to the Claimants and/or the Corporation within 30 days of the Arbitrator's final Order, the Claimants and Respondent shall adhere to the appraisal procedures for determining the value of Respondent's shares, as outlined in Section 8(a)(ii) of the Close Corporation Agreement. Pursuant to the parties' agreement, Respondent shall receive, in exchange for his shares, an amount equal to 100% of their value as reflected in either the Agreed Value Certificate or such other appraised value determined in accordance with Section 8(a)(ii) of the Close Corporation Agreement.
>
> 5) The administrative filing fees of the American Arbitration Association ("the Association") totaling $10,400.00 and the compensation of the Arbitrator shall be borne equally by the parties. Therefore, Respondent shall reimburse Claimants the sum of $550.00 for that portion of its share of administrative filing fees previously incurred by Claimant.
>
> 6) This award is in full settlement of all claims and counterclaims submitted to this arbitration. All claims not expressly granted herein are hereby, denied.

**{¶24}** Thus, the arbitrator did not determine the value of Arnold Slezak's shares. Instead, the arbitrator ordered the parties to engage in a process by which the value of the shares would be determined in the future. Accordingly, confirming the arbitration award and entering judgment thereon would not determine the value of the shares. *See Accu-Med Servs., Ltd. v. Omnicare*, 1st Dist. Hamilton No. C-020789, 2004-Ohio-655, ¶ 24-28. Therefore, while the trial

court did not err in confirming the arbitration award and entering judgment thereon, it was mistaken as to the breadth of what the arbitrator actually decided.

{¶25} Because the trial court ordered Arnold Slezak to sell his shares at the value determined by the third appraiser and dismissed the complaint and counterclaims solely because it confirmed the arbitration award and thereafter entered judgment, we agree that the trial court erred. Confirming the arbitration award and denying the motion to vacate did not inherently render the complaint and counterclaims moot, as they at least, in part, addressed issues that occurred subsequent to the arbitration award, nor did it require that the trial court order Arnold Slezak to sell his shares at the value chosen by the third appraiser.

{¶26} Notably, the parties filed motions for summary judgment addressing the complaint and counterclaims. The merits of those issues were never considered by the trial court as the trial court dismissed the claims and counterclaims and concluded that the remaining pending motions were moot, including Dr. and Cynthia Slezak's and RJS Corporation's alternative motion to stay the proceeding pending arbitration.

{¶27} Arnold Slezak's first assignment of error is sustained to the extent discussed above.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO HOLD A FULL EVIDENTIARY HEARING.

{¶28} Arnold Slezak argues in his second assignment of error that the trial court erred in failing to hold a full evidentiary hearing. First, we note that Arnold Slezak's argument appears to be that the trial court's error discussed in the first assignment of error essentially deprived him of review of the merits of his counterclaims and due process. To the extent that is the case, Arnold Slezak's current argument is moot.

{¶29} To the extent Arnold Slezak argues that the trial court was required to hold an evidentiary hearing on the application to confirm and motion to vacate the arbitration award, we disagree. This Court in the past has concluded that, in situations such as this, where both an untimely motion to vacate is filed along with a timely application to confirm, failing to hold any hearing on the motions is not reversible error. *Falkowski v. Strategic Merchandising, Inc.*, 9th Dist. Lorain No. 99CA007610, 2000 WL 1752240, *2 (Nov. 22, 2000). Accordingly, given that precedent, Arnold Slezak has not convinced us that a full evidentiary hearing is warranted under the circumstances.

{¶30} Arnold Slezak's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT APPELLANT IS REQUIRED TO SELL HIS SHARES AT A VALUE OF $66,863.00 PER SHARE.

{¶31} Arnold Slezak argues in his third assignment of error that the trial court erred by requiring him to sell his shares at the value determined by the third appraiser because the valuation process that occurred was improper and violated the provisions of the close corporation agreement. To the extent he argues that the trial court erred in ordering him to sell his shares at the value specified, we sustain his argument for the reasons, and to the extent, discussed in his first assignment of error. However, to the extent that he argues the valuation process was improper, the trial court has yet to consider the merits of that argument. Accordingly, it would be premature for this Court to address this issue.

{¶32} Arnold's Slezak's third assignment of error is sustained in part. The remainder of the assignment of error is premature.

III.

{¶33} Arnold Slezak's first assignment of error is sustained to the extent discussed above. His second and fourth assignments of error are overruled. His third assignment of error is sustained in part. However, because a portion of his third assignment of error is premature, we decline to address it. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

ROBERT D. KEHOE, KEVIN P. SHANNON, and LAUREN N. ORRICO, Attorneys at Law, for Appellant.

RONALD S. KOPP, STEPHEN W. FUNK, and JESSICA A. LOPEZ, Attorneys at Law, for Appellees.