[Cite as *Nye v. DeLille Oxygen, Inc.*, 2021-Ohio-4364.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY


AARON NYE,

     PLAINTIFF-APPELLEE,               CASE NO.  13-21-08

     v.

DELILLE OXYGEN, INC., ET AL.,         O P I N I O N

     DEFENDANTS-APPELLANTS.


Appeal from Seneca County Common Pleas Court
Trial Court No. 18-CV-0205

Judgment Affirmed

Date of Decision:  December 13, 2021


APPEARANCES:

    *Christopher R. Pettit and Dennis D. Grant* for Appellants

    *John F. Burke, III* for Appellee

**ZIMMERMAN, J.**

**{¶1}** Defendants-appellants, DeLille Oxygen, Inc. ("DeLille"), NyeCo Gas, Inc. ("NyeCo"), and Thomas R. Smith ("Smith") (collectively, "defendants"), appeal the March 22, 2021 judgment of the Seneca County Court of Common Pleas granting judgment in favor of plaintiff-appellee, Aaron Nye ("Nye"). For the reasons that follow, we affirm.

**{¶2}** This case stems from a dispute over the sale of Nye's business, NyeCo, to the defendants. Following strained business dealings between the parties, DeLille agreed to pay Nye $643,263.00 in exchange for 100 shares of NyeCo stock under a stock purchase agreement ("SPA"), which was executed between the parties in 2016. Also as part of the agreement, DeLille agreed to continue to employ Nye (under an employment agreement) for a period of seven years.

**{¶3}** When relations between the parties soured amidst the execution of the SPA and the employment agreement, Nye filed a complaint in the trial court on August 17, 2018 asserting five claims against defendants: (1) breach of the SPA; (2) breach of the employment agreement; (3) conversion; (4) a declaration that he is not subject to a non-compete clause of the employment agreement; and (5) a

declaration that he is the owner of a laptop computer.[1] (Doc. No. 2). On September 17, 2018, the defendants filed a motion to stay the proceedings pending arbitration. (Doc. No. 14). On September 27, 2018, Nye filed a memorandum in opposition to the defendants' motion to stay the proceedings pending arbitration. (Doc. No. 15). The defendants filed their reply to Nye's memorandum in opposition to their motion to stay the proceedings pending arbitration. (Doc. No. 16). The trial court granted the defendants' motion to stay the proceedings pending arbitration on January 31, 2019. (Doc. No. 17).

{¶4} The case proceeded to arbitration on July 6, 7, 27 and 28, 2020 as to Nye's first, third, and fifth claims. (*See* Doc. No. 47). (*See also* Doc. No. 50, Ex. 1). The arbitrator made the following findings (as relevant to this case):

> It is undisputed that [DeLille] has not made the annual required payments under the [SPA]. These payments, in the amount of $44,500.00, are due on July 1st of each year. No such payments were made in July 2018, 2019, or 2020. Thus, past payments allegedly are owed in the amount of $133,500.00 plus interest at 8%, and future payments, as of September 1, 2020, allegedly are owed in the amount of $311,500.00, the present value of which is $232,393.00. Accordingly, Nye is allegedly owed $365,829.00.

> These claims are subject to Delille's [sic] claims for indemnified losses pursuant to Section 6.1 of the SPA * * * .

> Section 6.1, however must be read together with Section 2.3.2 of the SPA, which permits Delille [sic] to delay such installment

---

[1] Following the exchange of arguments between the parties, the trial court declared the laptop computer the property of NyeCo on August 19, 2019. (Doc. Nos. 25, 26, 28, 29). Nye filed a notice of appeal from the trial court's entry on August 30, 2019, which this court dismissed. (Doc. No. 30).

payments until there is an "…order of a court of competent jurisdiction that is not subject to appeal, reconsideration or review." [(Doc. No. 2, Ex. C)]. It is the Arbitrator's finding that the parties, by submitting to this arbitration, have waived this portion of Section 2.3.2. Indeed, Section 8.10 of the SPA provides (twice) that the decision of the Arbitrator is final and binding. It further provides that a judgment, in accordance with the Arbitrator's decision may be entered in any court of competent jurisdiction.

* * *

Claimant, Aaron Nye, is awarded:

1. $133,500.00 in past due payments due under the SPA plus simple interest at 8% from the due date of each of the unpaid payments, which equals $7,713.00 for a total of $141,213.00; and

2. The present value of future payments in the amount of $232,393.00.

3. Subject to the award to [the defendants] * * * , the total award to [Nye] is $373,606.00.

* * *

The total set-off awarded to [the defendants] is $107,312.29

Accordingly, the net award to [Nye] is $266,293.71.

(Footnote omitted.) (Doc. No. 50, Ex. 1).

{¶5} On September 2, 2020, following the August 31, 2020 decision of the arbitrator awarding judgment in favor of Nye in the amount of $266,293.71, Nye requested that the trial court issue a judgment reflecting the arbitrator's award. (Doc. No. 47). On September 16, the defendants filed a memorandum in opposition to Nye's motion requesting that the trial court issue a judgment reflecting the

arbitrator's award along with a motion to vacate or modify the arbitrator's award. (Doc. No. 51). (*See also* Doc. No. 60). Nye filed a memorandum in opposition to the defendants' motion to vacate or modify the arbitrator's award on October 1, 2020. (Doc. No. 56). On October 7, 2020, Nye filed a reply to the defendants' memorandum in opposition to his motion requesting that the trial court issue a judgment reflecting the arbitrator's award. (Doc. No. 57).

{¶6} On March 22, 2021, the trial court denied the defendants' motion to vacate or modify the arbitrator's award. (Doc. No. 66). On April 23, 2021, the trial court issued a judgment reflecting the arbitrator's award by issuing a judgment in favor of Nye in the amount of $266,293.71 as to Nye's first, third, and fifth claims. (Doc. No. 72). Even though Nye's second and fourth claims remain pending, the trial court certified that there is no just reason for delay under Civ.R. 54(B).

{¶7} The defendants filed their notice of appeal on May 5, 2021. (Doc. No. 75). They raise two assignments of error, which we will discuss together.

### Assignment of Error No. I

**The Trial Court Committed Reversible Error in Holding that the Arbitration Award Draws Its Essence from the Stock Purchase Agreement.**

### Assignment of Error No. II

**The Trial Court Committed Reversible Error by Failing to Modify the Arbitration Award as Required under Ohio Revised Code §2711.11.**

{¶8} In their assignments of error, the defendants argue that the trial court erred by denying their motion to vacate or (in the alternative) modify the arbitrator's award. Specifically, the defendants contend that the arbitrator's award conflicts with the express terms of the SPA and that the trial court should have either vacated the arbitrator's award under R.C. 2711.10(D) or modified the award under R.C. 2711.11(A).

*Standard of Review*

{¶9} "Ohio has a well-established public policy that favors arbitration." *Champion Chrysler v. Dimension Serv. Corp.*, 10th Dist. Franklin No. 17AP-860, 2018-Ohio-5248, ¶ 9. "Arbitration awards are presumed valid, and a reviewing court may not merely substitute its judgment for that of the arbitrator." *Id.*

{¶10} """"Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14).""" *Norman v. Kellie Auto Sales, Inc.*, 10th Dist. Franklin No. 18AP-32, 2020-Ohio-4311, ¶ 32, quoting *Champion Chrysler* at ¶ 10, quoting *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. """"A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711.""""

*Id.*, quoting *Champion Chrysler* at ¶ 10, quoting *Telle v. Estate of William Soroka*, 10th Dist. Franklin No. 08AP-272, 2008-Ohio-4902, ¶ 9. "Because R.C. Chapter 2711 is the method to challenge an arbitration award, '[t]he jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.'" *Id.*, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 173 (1985).

{¶11} "An appellate court's role when reviewing a trial court's determination regarding arbitration is even more limited." *Id.* at ¶ 33. *See also Hughes v. Hughes*, 3d Dist. Marion No. 9-19-88, 2020-Ohio-4882, ¶ 22 (emphasizing that "'our review is not a de novo review of the merits of the dispute as presented to the arbitrator'" since a trial court has jurisdiction to review only the arbitration award), quoting *Adams Cty./Ohio Valley Local School v. OAPSE/AFSCME, Local 572*, 4th Dist. Adams No. 16CA1034, 2017-Ohio-6929, ¶ 18. "'[W]hen a court of appeals reviews a trial court's judgment concerning an arbitration award, the appellate court must confine its review to evaluating the order issued by the trial court pursuant to R.C. Chapter 2711.'" *Norman* at ¶ 34, quoting *State v. Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO*, 10th Dist. Franklin No. 14AP-906, 2016-Ohio-5899, ¶ 13.

{¶12} Thus, "'when reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate

court should accept findings of fact that are not clearly erroneous but decide questions of law de novo.'" *Hughes* at ¶ 22, quoting *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 26. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.).

*Analysis*

**{¶13}** "'R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas.'" *Slezak v. Slezak*, 9th Dist. Summit No. 29102, 2019-Ohio-3467, ¶ 17, quoting *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 623 (1995). *See also Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. Franklin No. 09AP-608, 2010-Ohio-2850, ¶ 8. "'R.C. 2711.10 and 2711.11 clearly establish the circumstances where a party may appeal to the common pleas court to vacate, modify, or correct an arbitration award.'" *Slezak* at ¶ 17, quoting *Galion* at 622.

**{¶14}** On appeal, the defendants argue in their first assignment of error that the trial court erred by denying their motion to vacate the arbitrator's award because "[t]he Arbitrator * * * exceeded his authority as prohibited by R.C. §2711.10(D)"

since "the Arbitration Award conflicted with the express terms of the SPA and lacked rational support under the terms of the SPA." (Appellant's Brief at 12). In their second assignment of error, the defendants argue that the trial court erred by denying their alternative request to modify the arbitrator's award because it is "tainted by * * * 'evident material miscalculation[s] of figures'" as described under R.C. 2711.11(A). (*Id.* at 27, quoting R.C. 2711.11(A)). We will begin by addressing the defendants' argument that the trial court erred by denying their motion to vacate the arbitrator's award under R.C. 2711.10(D).

{¶15} "The statutory grounds for vacating an arbitrator's award are contained in R.C. 2711.10." *Hughes* at ¶ 23. That statute authorizes a trial court to vacate an arbitrator's award only if:

"(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

*Norman*, 2020-Ohio-4311, at ¶ 12, quoting R.C. 2711.10. "R.C. 2711.10 thus 'limits judicial review of arbitration to claims of fraud, corruption, misconduct, an

imperfect award, or [claims] that the arbitrator exceeded his authority." *Champion Chrysler*, 2018-Ohio-5248, at ¶ 11, quoting *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516 (1975), paragraph two of the syllabus.

{¶16} "The essential function of [R.C. 2711.10(D)] is to ensure that the parties get what they bargained for by keeping the arbitrator within the bounds of the authority they gave him." *Piqua v. Fraternal Order of Police*, 185 Ohio App.3d 496, 2009-Ohio-6591, ¶ 21 (2d Dist.). Nevertheless, "'[o]nce an arbitrator has made an award, it cannot be easily overturned * * * .'" (Citations omitted.) *Hughes* at ¶ 24, quoting *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. Franklin Nos. 12AP-451 and 12AP-452, 2013-Ohio-1057, ¶ 23. Therefore, even if a court concludes that an arbitrator committed error, so long as the arbitrator conceivably construes or applies the contract and acts within the scope of his or her authority, there is no basis to overturn the award. *Id.* "'Generally, if the arbitrator's award is based on the language and requirements of the agreement, the arbitrator has not exceeded his powers.'" (Citation omitted.) *Id.*, quoting *Northwest State Community College v. Northwest State Community College Edn. Assn. OEA/NEA*, 3d Dist. Henry No. 7-16-11, 2016-Ohio-8393, ¶ 33.

{¶17} "Yet, arbitrators do not possess boundless authority to interpret and enforce the parties' contract." *Id.* at ¶ 25. "Because '[t]he authority of an arbitrator

to interpret and enforce a contract is drawn from the contract itself, * * * "an arbitrator's authority is limited to that granted him by the contracting parties * * * .""" *Id.*, quoting *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 5, quoting *Goodyear* at 519. Because an arbitrator is limited to the interpretation and application of the contract, the arbitrator may not dispense his own brand of industrial justice. *Id.*

{¶18} Even though an arbitrator's authority is expansive, an arbitrator's award exceeds that authority if it does not draw its essence from the parties' agreement. *Id.* at ¶ 26. "An arbitrator's award draws its essence from a[n] * * * agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80 (1986), paragraph one of the syllabus. "Stated differently, '[a]n arbitrator's award draws its essence from an agreement when (1) the award does not conflict with the express terms of the agreement and (2) the award has rational support or can be rationally derived from the terms of the agreement.'" (Citation omitted.) *Hughes* at ¶ 26, quoting *Northwest State* at ¶ 33. "'Once it is determined that the arbitrator's award draws its essence from the * * * agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end.'" *Id.*, quoting *Bd. of*

*Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129 (1990), paragraph two of the syllabus. "'""[T]he question whether an arbitrator has exceeded his authority is a question of law."'"" *Id.* at ¶ 23, quoting *Portage Cty.*, 153 Ohio St.3d 219, 2018-Ohio-1590, at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000).

{¶19} Here, the defendants advance two arguments for why this court should vacate the arbitrator's award. First, the defendants contend that the arbitrator exceeded his authority by interpreting the SPA in a way in which conflicts with the parties' agreement and fashioning an award that lacks rational support under the SPA. Specifically, the defendants contend that the arbitrator exceeded his authority by "awarding [Nye] a single, lump sum amount for the balance of the purchase price for [his] shares of NyeCo stock, which is due and payable by DeLille immediately with an interest rate at 8% [because the award] conflicts with the express terms of Section 2.3.1 and Section 2.3.2 of the SPA." (Appellant's Brief at 13). In other words, the defendants allege that the arbitrator exceeded his authority (1) by accelerating their obligations to Nye (by awarding Nye a lump-sum award) under the SPA absent an acceleration clause in the contract and (2) by concluding that the defendants waived the provision of Section 2.3.2 of the SPA, "which excuses DeLille from making installment payments until its indemnified loss claims are finally adjudicated." (*Id.* at 16).

Case No. 13-21-08

{¶20} Under sections 2.3.1 and 2.3.2 of the SPA, the parties agreed that Nye would receive payment as follows:

> **2.3.1** Cash at Closing. Payment to Seller in a certified check or money order of Three Hundred Forty-five Thousand Dollars ($345,000.00) at Closing.
>
> **2.3.2** Installment Payments. Payment to Seller of Four Hundred Forty-four Thousand Five Hundred Dollars ($444,500.00) to Seller [sic] in ten (10) equal annual installment payments of Forty-four Thousand Four Hundred Fifty Dollars ($44,500.00) apiece, commencing on July 1, 2017 with the last payment occurring on July 1, 2026, resulting in a net present value of Two Hundred Ninety-eight Thousand, Two Hundred Sixty-three Dollars ($298,263.00) based on an eight percent (8%) discount rate. * * * If Buyer has made a claim for an Indemnified Loss under Section 6 hereof that Seller has not paid, Buyer may delay payment of any installment hereunder sufficient to pay such Indemnified Loss until such claim is deemed final by mutual written agreement of the Buyer and Seller or by order of a court of competent jurisdiction that is not subject to appeal, reconsideration or review.

(Emphasis sic.) (Doc. No. 2, Ex. C).

{¶21} To resolve the dispute between the parties, the arbitrator found that it was uncontroverted that the defendants did not deliver the annual installment payments as required under the agreement. Because it was undisputed that the defendants were in breach of the agreement, the arbitrator fashioned an award in accordance with the essence of the parties' agreement. Specifically, the arbitrator awarded Nye the past due payments (in the amount of $133,500.00) plus interest at eight percent from the due date of each of the unpaid payments (in the amount of $7,713.00) and the present value of future payments (in the amount of $232,393.00).

-13-

In addition, the arbitrator considered the indemnification counterclaims raised by the defendants (under section 6.1 of the SPA) and offset Nye's award by $107,312.29.

{¶22} The trial court concluded that the defendants "failed to meet their burden to prove that the award does not draw its essence from the SPA" since "the Arbitrator noted and applied the SPA to his decision." (Doc. No. 66). We agree.

{¶23} On appeal, it is not the prerogative of this court to determine whether the "arbitrator correctly interpreted [the parties' agreement] and applied it to the circumstances of this case." *Hughes*, 2020-Ohio-4882, ¶ 36. Rather, our review is limited to whether the arbitrator's award can be rationally derived from the terms of the" parties' agreement. *Id.* at ¶ 37. In other words, as long as the arbitrator "arguably interpreted and applied the terms of the [parties' agreement, the defendants] must tolerate even serious errors in the" arbitrator's award. *Id.* at ¶ 36.

{¶24} "With that in mind, we conclude that, irrespective of whether the * * * arbitrator's interpretation and application of the [SPA is] objectively correct, the * * * arbitrator's award can be rationally derived from the terms of the" SPA. *Id.* at ¶ 37. Section 2.3.2 of the SPA delineates the schedule of the payments that the defendants were to remit to Nye as well as the interest rate applicable to those payments. The arbitrator's award is based on that schedule of payments as well as the interest rate applicable to those payments. Likewise, the arbitrator permitted the

defendants to litigate their indemnified-loss claims in accordance with Section 6 of the SPA, and reduced Nye's award based on the defendants' successful indemnified-loss claims.

{¶25} Based on our review of the record, we conclude that the defendants' argument that the arbitrator's award does not draw its essence from the SPA because the award conflicts with the express terms of the SPA and lacks rational support under the SPA is not persuasive. Rather, "[t]he parties gave the arbitrator the power to interpret and construe their agreement," and the arbitrator's award is based on his personal interpretation an application of the SPA. *See Hughes* at ¶ 29. *See also Kettering Health Network v. CareSource*, 2d Dist. Montgomery No. 27233, 2017-Ohio-1193, ¶ 26. Importantly, "[a]n arbitrator's improper determination of the facts or misinterpretation of the contract does not provide a basis for reversal of an award by a reviewing court." *Cedar Fair*, 140 Ohio St.3d 447, 2014-Ohio-3943, at ¶ 6. *See also Kettering Health Network* at ¶ 26 ("An arbitrator does not exceed his powers when he interprets a contract incorrectly."). "Indeed, '"[i]t is not enough * * * to show that the [arbitrator] committed an error—or even a serious error."'" *Kettering Health Network* at ¶ 26, quoting *Cedar Fair* at ¶ 6 quoting *Stolt-Nielsen, S.A. v. AnimalFeeds Internatl. Corp.*, 559 U.S. 662, 671, 130 S.Ct. 1758 (2010). Instead, when "determining whether the arbitrator exceeded his powers, 'the question for a judge is not whether the arbitrator construed the parties' contract

correctly, but whether he construed it at all.'" *Id.*, quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573, 133 S.Ct. 2064 (2013).

> If the arbitrator interpreted the contract incorrectly, well, that was part of the deal:
>
> "All we say is that convincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was "arguably construing" the contract * * * a court may not correct his mistakes under [the statute]. The potential for those mistakes is the price of agreeing to arbitration."

*Id.*, quoting *Oxford Health* at 572-573.

{¶26} In this case, our review of the arbitrator's award reveals that the arbitrator construed the SPA in resolving the parties' dispute, and it would be improper for this court to substitute its own interpretation. *See Greater Dayton Regional Transit Auth. v. Amalgamated Transit Union AFL CIO Local 1385*, 2d Dist. Montgomery No. 28086, 2018-Ohio-5158, ¶ 25. Therefore, since the arbitrator's award is not only based on the schedule of payments but also applies the interest rate applicable to those payments, there is some rational nexus between the arbitrator's award and the SPA, and the award is not arbitrary, capricious, or unlawful. *See Hughes* at ¶ 37. *See also Kettering Health Network* at ¶ 26. Consequently, we conclude that the arbitrator's award draws its essence from the SPA. *See Kettering Health Network* at ¶ 26 (concluding that "'[t]he arbitrator's construction holds, however good, bad, or ugly'"), quoting *Oxford Health* at 573.

{¶27} Having concluded that the arbitrator's award draws its essence from the SPA, we must now consider the defendants' second basis for why this court should vacate the arbitrator's award—expressly, that the arbitrator exceeded his authority "by applying an incorrectly high burden of proof" to their "Indemnified Loss claims based upon [Nye's] misrepresentations." (Appellant's Brief at 20). Here, the defendants contend that "the Arbitrator required [them] to prove their Indemnified Loss claims against [Nye] for the misrepresentations he made in the SPA by clear and convincing evidence." (*Id.* at 19). The defendants claim that this is the wrong quantum of proof and that the arbitrator was required to apply a preponderance-of-the-evidence standard.

{¶28} "[A]bsent express language in an agreement, procedural issues are decided by the arbitrator." *Piqua*, 185 Ohio App.3d 496, 2009-Ohio-6591, at ¶ 32. Indeed, unless an arbitrator is expressly prohibited from exercising the power, the arbitrator "has the inherent power to decide the question of proof." *Id.*, citing *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police*, 81 Ohio St.3d 269, 272 (1998). *See also N. Royalton v. Urich*, 8th Dist. Cuyahoga No. 99276, 2013-Ohio-2206, ¶ 23.

{¶29} Under the SPA, the parties agreed that the arbitrator "shall issue a written decision resolving the disputed matters applying such reasonable and equitable principles (consistent with this Agreement and applicable law) as he or

she deems appropriate." (Doc. No. 2, Ex. C). Based on the language of the SPA, the parties authorized the arbitrator to resolve their dispute by applying a quantum of proof which he determined to be appropriate. *See Kettering Health Network*, 2017-Ohio-1193, at ¶ 16 ("The parties gave the arbitrator the power to interpret AHLA Rules by agreeing to arbitrate under the AHLA's auspices."), citing *Piqua* at ¶ 35. Because the arbitrator determined that a clear-and-convincing standard was appropriate under the facts and circumstances of this case, we cannot conclude that the arbitrator exceeded his authority by applying that standard. *Compare Urich* at ¶ 23 ("The arbitrator's application of a clear and convincing burden of proof, therefore, does not conflict with an express term of the CBA."). *See also Kettering Health Network* at ¶ 16 ("Even if the arbitrator's interpretation of the Rules were unreasonable, this would not be grounds to vacate. An unreasonable interpretation would show that the arbitrator 'merely erred in *executing* his powers' not that he "*exceeded* his powers."), quoting *Piqua* at ¶ 34.

{¶30} For these reasons, we conclude that the trial court did not err by concluding that the arbitrator did not exceed his powers or by denying the defendants' motion to vacate the arbitrator's award. *Acord Hughes*, 2020-Ohio-4882, at ¶ 37. Consequently, the defendants' first assignment of error is overruled.

{¶31} Turning to the defendants' second assignment of error, the defendants contend that the trial court erred by denying their alternative request to modify the

arbitrator's award under R.C. 2711.11(A). Specifically, the defendants argue that the arbitrator's award reflects an evident material miscalculation of the following figures: 1) Nye should have been awarded $133,350.00 instead of $133,500.00 for the 2018, 2019, and 2020 installment payments; 2) Nye should have been awarded six instead of seven future installment payments; and 3) Nye should not have been awarded interest (at a rate of eight percent) on the 2018, 2019, and 2020 installment payments.

{¶32} R.C. 2711.11 authorizes a trial court to modify an award only if:

> "(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
>
> (C) The award is imperfect in matter of form not affecting the merits of the controversy."

*Norman*, 2020-Ohio-4311, at ¶ 14, quoting R.C. 2711.11.

{¶33} Under R.C. 2711.11(A), "a material miscalculation warranting modification of an arbitration award must be of such a nature that it can be corrected without the use of any fact-finding, discretion, or judgment." *Worndle v. Colonnade Med. Group, Inc.*, 5th Dist. Fairfield No. 17-CA-24, 2018-Ohio-462, ¶ 44. That is, "an arbitration award can only be modified if the miscalculation is evident from the

face of the award and can be corrected without fact-finding." *Id.* at ¶ 43, quoting *Arrow Uniform Rental, L.P. v. K&D Group, Inc.*, 11th Dist. Lake No. 2010-L-152, 2011-Ohio-6203, ¶ 51. *See also Akron v. Akron Firefighters Assn.*, 9th Dist. Summit No. 27119, 2015-Ohio-994, ¶ 9 (stating that a "court may not review the evidence and reconsider the merits underlying the award" when considering whether to modify an arbitrator's award under R.C. 2711.11(A)).

**{¶34}** Importantly, "'Ohio law recognizes that when parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issues submitted and agreed to accept the result regardless of its legal or factual accuracy.'" *Robert W. Setterlin & Sons v. N. Mkt. Dev. Auth., Inc.*, 10th Dist. Franklin No. 99AP-141, 1999 WL 1267340, *3 (Dec. 30, 1999), quoting *Marra Constructors, Inc. v. Cleveland Metroparks Sys.*, 82 Ohio App.3d 557, 562 (8th Dist.1993). "Although '"[t]hat result may seem inequitable, * * * any different result would destroy the integrity of binding arbitration. * * * If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding."'" *Id.*, quoting *State ex rel. Internatl. Union of Operating Engs., Local No. 18 v. Simmons*, 58 Ohio St.3d 247, 248 (1991), quoting *Huffman v. Valletto*, 15 Ohio App.3d 61, 63 (8th Dist.1984).

**{¶35}** Here the arbitrator found that the defendants failed to make

the annual required payments under the [SPA] * * * in the amount of $44,500.00 * * * in 2018, 2019, or 2020. Thus, past due payments allegedly are owed in the amount of $133,500.00, plus interest at 8%, and future payments * * * are owed in the amount of $311,500.00, the present value of which is $232,393.00.

(Doc. No. 50, Ex. 1). Further, the arbitrator awarded Nye "$133,500.00 in past due payments due under the SPA plus simple interest at 8% from the due date of each of the unpaid payments, which equals $7,713.00 for a total of $141,213.00" and "[t]he present value of future payments in the amount of $232,393.00.' (*Id.*).

{¶36} Based on our review, the award issued by the arbitrator does not disclose any mathematical error on its face—that is, the arbitrator's award does not reflect a material miscalculation of figures. *Accord Arrow Uniform Rental*, 2011-Ohio-6203, at ¶ 51; *Robert W. Setterlin & Sons* at *3. *See also Akron Firefighters* at ¶ 11. Instead, the arbitrator based the award on different criteria than the defendants would have preferred, and we may not substitute our judgment for that of the arbitrator. *See Arrow Uniform Rental* at ¶ 35, 51. Thus, we conclude that the defendants "failed to draw our attention to any evident material miscalculation of figures on the part of the arbitrator in arriving at his award." *Id.*

{¶37} Consequently, because the defendants are challenging the arbitrator's analysis of the parties' agreement—not a material miscalculation of figures on the face of the arbitrator's award—the defendants are not entitled to a modification of the arbitrator's award. *Accord id. See also Robert W. Setterlin & Sons* at *3

("Because any error the arbitrator may have made in arriving at the retainage amount is not evident from the face of the award and cannot be corrected without the use of factfinding or judgment on the part of the trial court, we [conclude] that plaintiff's requested modification of the retainage amount falls outside the scope of R.C. 2711.11."). Therefore, the trial court did not err by denying the defendants' motion for a modification of the arbitrator's award.

{¶38} For these reasons, the defendants' second assignment of error is overruled.

{¶39} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/jlr**